

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00755-CR

Shawn Patrick **HOOK**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 13-0244-CR-A
Honorable Brenda Chapman, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  September 10, 2014

AFFIRMED

Shawn Patrick Hook was convicted by a jury of aggravated sexual assault of a child and indecency with a child by contact. The jury assessed a sentence of twenty-five years' imprisonment and a $10,000 fine for the first offense and a sentence of ten years' imprisonment and a $5,000 fine for the second offense. Hook's only complaint on appeal is that trial counsel was ineffective during the punishment phase of the trial. We overrule Hook's issue and affirm the trial court's judgment.

BACKGROUND

After a recess during the punishment phase of the trial, the trial judge stated:

THE COURT: And I guess we need to stamp that. Let's see, for the Record, at the beginning of — or at the end of the recess, the Bailiff handed me a note from one of the jurors, which I have shared with the attorneys and it's being marked for file purposes, and will be included in the Record.
    All right, Ms. Laird, you wish to take the witness on voir dire?

The note from the juror stated as follows:

During questioning of last witness, Jennifer:
I observed female defense attorney shaking her head "yes" and "no" in response to prosecution's questions, effectively leading the witness. The witness did answer corresponding to the defense's prompts.

Hook contends trial counsel was ineffective in two regards. First, counsel engaged in prompting a witness's testimony by head-nodding. Second, counsel failed to ask the trial court to question the juror about whether trial counsel's conduct prejudiced the juror. Hook asks this court to vacate his sentences and order a new trial on punishment.

DISCUSSION

To prevail on a claim of ineffective assistance of counsel, the defendant must show: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To show deficient performance, the defendant must prove by a preponderance of the evidence that his counsel's representation fell below the standard of professional norms." *Garza v. State*, 213 S.W.3d 338, 347-48 (Tex. Crim. App. 2007). "To demonstrate prejudice, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693.

We "indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance." *Id*. at 689. "To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). "The appellant has the burden of rebutting [the presumption of effective assistance] by presenting evidence illustrating why counsel did what he did." *Stults v. State*, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). "The appellant cannot meet this burden if the record does not specifically focus on the *reasons* for the conduct of trial counsel." *Id*. "When the record is silent as to counsel's reasons for his conduct, finding counsel ineffective would call for speculation by the appellate court, [and] [a]n appellate court will not speculate about the reasons underlying defense counsel's decisions." *Id*. "If the record is silent as to the reasoning behind counsel's actions, the presumption of effectiveness is sufficient to deny relief." *Ruiz v. State*, 293 S.W.3d 685, 691 (Tex. App.—San Antonio 2009, pet. ref'd). The presumption prevails because "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). "Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

As noted, Hook contends trial counsel was ineffective in nodding her head during the State's cross-examination and in failing to ask the trial court to question the juror about whether trial counsel's actions would prejudice the juror. In addition to the record being silent as to counsel's reasons for not requesting the trial court to question the juror, the trial court's comment indicates that additional conversation occurred between the trial court and the attorneys off the

record when the note was first presented. Under these circumstances, trial counsel should be afforded the opportunity to explain whether the juror's observations were accurate, the nature of the conversation that occurred with the trial court off the record, including any discussion regarding whether the juror should be questioned, and the reasons trial counsel did not pursue any questioning of the juror. Finding counsel ineffective on this record would require considerable speculation in which this court may not engage. *See Stults*, 23 S.W.3d at 208. Accordingly, we overrule Hook's issue.

## CONCLUSION

The judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH